IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LYNELLE SKAGGS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 1:24-cv-00162-BP |
| | § |
| COMMISSIONER OF | § |
| SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Notice of Removal filed September 26, 2024, and Defendant's Motion to Dismiss. ECF Nos. 1 and 3, respectively. After considering the pleadings and applicable legal authorities, the Court **DISMISSES** the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

**I.   BACKGROUND**

Plaintiff, Lynelle Skaggs ("Skaggs"), filed her complaint in the 91st Judicial District Court of Eastland County, Texas, on September 12, 2024. *See* ECF No. 1 at 1. On September 26, 2024, Defendant Martin O'Malley, Commissioner of Social Security ("the Commissioner"), removed the case to this Court. After removal, the Commissioner immediately moved to dismiss the case for lack of subject matter jurisdiction under the doctrines of sovereign immunity and derivative jurisdiction. On September 27, 2024, the Court ordered Skaggs to file her response to the Motion to dismiss "on or before October 17, 2024." ECF No. 6. The Clerk of Court mailed the order directing filing of briefs on the same day. Skaggs did not file a brief by the deadline, and the Court *sua sponte* extended her deadline for doing so to November 7, 2024. ECF No. 7. The Court warned Skaggs

that failure to follow the Court's orders could result "in a ruling on the Motion without the response." ECF No. 7. As of today's date, Skaggs has not responded to the Commissioner's Motion or complied with the Court's orders. Skaggs has wholly failed to comply with the Court's orders and has neither filed a brief in accordance with the Court's Orders nor sought an extension of time to do so. Skaggs has not otherwise appeared in this case.

## II.   LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a claim for failure to prosecute. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). "Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*. . . ." *Id.* (citing Fed. R. Civ. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Skaggs has wholly failed to comply with all Court orders directing her to file a response to the Motion to Dismiss. "The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and file the brief necessary for

the Court to adjudicate his claims." *McMillan v. Colvin*, No. 3:12-cv-4729-N-BN, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013). Skaggs has not set forth any alleged errors that entitle her to relief nor has she presented specific issues for the Court to review, despite the Court's admonitions that her failure to comply with the Court's orders could result in dismissal of her case. Because Skaggs has failed to follow the Court's orders, despite several opportunities to do so, the case is subject to dismissal. *Choate v. Astrue*, No. 3:13-cv-0269-L-BH, 2013 WL 12129286, at *1 (N.D. Tex. July 3, 2013), *rec. adopted*, No. 3:13-cv-0269-L, 2013 WL 12129287 (N.D. Tex. July 23, 2013). Based on the record in the case, dismissal without prejudice is appropriate.

The Court cautions Skaggs that although dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint she files regarding the claims in the instant action to a statute of limitations defense. *Dixon v. Colvin*, No. 3:15-CV-263-B-BN, 2015 WL 899019, at *1 (N.D. Tex. Mar. 3, 2015) (citing 42 U.S.C. § 405(g) (a claimant must commence a civil action seeking judicial review of a final decision of the Commissioner "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"); *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986) (the 60-day requirement in § 405(g) is not jurisdictional, may be waived by the parties, and is subject to the doctrine of equitable tolling)).

### III.   CONCLUSION

Accordingly, the Court **DISMISSES** this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders. The Court **GRANTS LEAVE** to Skaggs to reopen the case **if on or before November 29, 2024**, she files (1) a motion to reopen the case and a brief in support that complies with the Local Civil Rules of the Court and

(2) a response to the Commissioner's Motion to Dismiss as required in the Court's September 27, 2024 Order. *See* ECF No. 6. The Court will issue a separate judgment after November 29, 2024.

It is so **ORDERED** on November 15, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE